UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNIVERSITY OF NOTRE DAME (USA) IN ENGLAND,<br><br>Plaintiff,<br><br>v.<br><br>TJAC WATERLOO, LLC AND ZVI CONSTRUCTION CO., LLC,<br><br>Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 16-cv-10150-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Currently pending before this Court is the University of Notre Dame (USA) in England's ("Notre Dame") motion to amend and supplement its complaint pursuant to Federal Rule of Civil Procedure 15(d). [ECF No. 90]. For the reasons stated below, the motion is GRANTED IN PART AND DENIED IN PART.

**I.     BACKGROUND**

On January 29, 2016, Notre Dame filed a complaint in Suffolk Superior Court against TJAC Waterloo, LLC ("TJAC") and ZVI Construction Co., LLC ("ZVI"), which was ultimately removed to this Court on February 1, 2016. Notre Dame amended the complaint on February 16, 2016. [ECF No. 28]. The amended complaint contained five counts: Confirmation of Foreign Arbitral Award under 9 U.S.C. § 207 (Count I); Attachment (Count II); Temporary and Preliminary Injunctive Relief (Count III); Recognition of Foreign Judgment Pursuant to Mass. Gen. L. ch. 235, § 23A (Count IV); and Declaratory Judgment (Count V). [ECF No. 28]. On February 17, 2016, Notre Dame filed a "Motion to Confirm Foreign Award and to Issue Security

1

Pursuant to the Convention and Fed. R. Civ. P. 64, 65, and for Expedited Consideration." [ECF No. 30]. On April 7, 2016, the Court confirmed the foreign arbitral award at issue (the Expert's Determination on Liability), and ordered an attachment as to TJAC's and ZVI's property in the amount of $7.2 million, pending the Expert's determination on damages (hereinafter, "the Order" or "the April 7, 2016 Order"). [ECF No. 56]. The Court also dismissed Counts III through V. On April 11, 2016, Defendants appealed the Order [ECF No. 57], and the First Circuit affirmed it on June 28, 2017 [ECF Nos. 101, 102].

In the meantime, on August 8, 2016, the English High Court issued a judgment awarding Notre Dame £81,239.57 for costs incurred in litigating a separate case brought by ZVI in the English High Court, which challenged whether the Expert's Determination was binding on ZVI specifically. [ECF Nos. 85-1, 86-1]. On February 3, 2017, while the appeal was still pending and following ZVI's alleged failure to pay the judgment, Notre Dame moved to amend the operative complaint to seek enforcement of the English High Court's order. [ECF No. 90]. On February 14, 2017, Defendants opposed the motion [ECF No. 95], and Notre Dame filed a reply brief on February 22, 2017 [ECF No. 98].

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Permitting a party to supplement its pleading under Rule 15(d) is subject to the district court's discretion. U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 6 (1st Cir. 2015), cert. denied, 136 S. Ct. 2517 (2016). Rule 15(d) itself "contains no standards at all to guide the district court's analysis," and "courts customarily have treated requests to supplement

under Rule 15(d) liberally." Id. at 7. The Court may deny a motion to supplement "when the request would 'unduly delay resolution of the case'" as determined by "weigh[ing] totality of the circumstances," be futile, result in prejudice to the opposing party, or if the moving party unreasonably delayed in attempting to supplement. Id. at 7 (quoting Hall v. CIA, 437 F.3d 94, 101 (D.C. Cir. 2006)).

### III. DISCUSSION

In the proposed supplemented complaint, Notre Dame seeks to add factual allegations regarding the English High Court's order and three new counts against ZVI: recognition of foreign judgment pursuant to M.G.L. ch. 235, § 23A; declaratory judgment "concerning ZVI's ability and/or willingness to satisfy or pay an award of damages to UND in the amount of ₤81,239.57;" and attachment.[1] TJAC and ZVI argue that the motion to supplement should be denied because: (1) all claims in the operative complaint [ECF No. 28] have already been adjudicated in this case by the Court's April 7, 2016 Order, and (2) alternatively, that certain proposed allegations are futile.[2]

Although once a "final judgment" is entered, "the district court ha[s] no power to allow an amendment to the complaint because there [is] no complaint left to amend," Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 628 (1st Cir. 2000), the Court's April 7, 2016 Order was not a final judgment as the issue of damages remained unresolved. "An order is usually considered final

---

[1] Notre Dame clarifies in its reply brief that "UND does not seek to supplement or amend [Counts III through V] in any way, as UND recognizes that those counts have been dismissed by this Court." [ECF No. 98 at 4]. Accordingly, any amended complaint should reflect that those counts have been dismissed and those counts should thus be deleted from any subsequently filed supplemental complaint.

[2] Defendants also argue that the Court lacks jurisdiction given the appeal to the First Circuit. Because the First Circuit has since rendered an opinion affirming the Court's decision, the argument is moot.

when it resolves a contested matter, leaving nothing to be done except execution of the judgment." In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 982 F.2d 603, 608 (1st Cir. 1992). At the time the Court confirmed the Determination on Liability, because the parties had agreed to bifurcate the arbitration proceedings, the Expert had not yet issued a final arbitration award as to damages. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744, (1976) (holding that "grant of partial summary judgment [that was] limited to the issue of petitioner's liability" was "by [its] terms interlocutory," and such judgments, "where assessment of damages or awarding of other relief remains to be resolved[,] have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291" (citing former Fed. R. Civ. P. 56(c)); see also DeJohn v. Temple University, 537 F.3d 301, 307 (3rd Cir. 2008) (noting that "'[i]t is a well-established rule of appellate jurisdiction . . . that where liability has been decided but the extent of damage remains undetermined, there is no final order'"); In re Fugazy Express, Inc., 982 F.2d 769, 775 (2d Cir. 1992) ("[A]n order determining liability but directing that an accounting be held is not final until after the accounting has been completed."); City of N.Y. v. Milhelm Attea & Bros., No. 06-03620, 2012 WL 4959502, at *2 (E.D.N.Y. Oct. 17, 2012) (holding that order that determined liability but did not assess amount of civil penalties was not final). Accordingly, because the issue of damages remains unresolved and there is thus more that remains of the case beyond merely executing a judgment, the Court retains the power to allow an amendment under Rule 15(d).

      TJAC and ZVI argue, in the alternative, that the new declaratory judgment count is futile because it does not identify a case or controversy, but rather seeks post-judgment asset discovery. Notre Dame responds that, by asserting the new declaratory judgment count, it "seeks a declaration that injunctive relief is necessary to preserve UND's rights and prevent the

dissipation, encumbrance or transfer of funds or assets beyond its reach during the pendency of the remaining proceedings in England." [ECF No. 98 at 4]. Although the Court dismissed a substantially similar count in its April 7, 2016 Order, finding that it served no additional purpose given the relief granted on the other counts, Notre Dame argues that a similar determination here would be premature because the Court has not yet granted any relief on the new proposed counts.

"A declaratory judgment is appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Boston's Children First v. Bos. Sch. Comm., 183 F. Supp. 2d 382, 396 (D. Mass. 2002) (quoting Charles Alan Wright et al., Federal Practice and Procedure § 2759 (3d ed. 1998)), aff'd sub nom. Anderson ex rel. Dowd v. City of Bos., 375 F.3d 71 (1st Cir. 2004). A district court may exercise its discretion to dismiss a claim for declaratory judgment. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.").

Notre Dame has failed to show how the proposed declaratory judgment count would resolve a controversy as to any unsettled legal rights between the parties. It does not appear that the proposed count would clarify or settle legal relations among the parties, or provide certainty on the controversy giving rise to this proceeding. At bottom, Notre Dame seeks to enforce a purported final foreign court judgment, and the proposed declaratory judgment count, by seeking an adjudication of Defendants' ability to pay, seemingly has no purpose but to justify post-judgment asset discovery or discovery to aid in obtaining a preliminary injunction. Moreover, where Notre Dame again seeks recognition of a foreign judgment and an attachment, such a

5

declaratory judgment count will ultimately serve no purpose once these counts are resolved. Accordingly, Notre Dame may not supplement the complaint to add the declaratory judgment count.

Finally, TJAC and ZVI argue that Notre Dame has not sufficiently alleged facts to justify piercing the corporate veil and thus Notre Dame should not be permitted to supplement its complaint with a request that the Court "[a]ttach the assets of ZVI, together with its affiliates, members, corporate parents and subsidiaries, control persons and those acting in concert with them, with an additional attachment of $101,378.26, plus interest as permitted by law." [ECF No. 91-1 at 21]. Notre Dame asserts that the Court implicitly rejected this argument in its April 7, 2016 Order when it ordered an attachment against both TJAC and ZVI. Although the Court's April 7, 2016 Order attached the assets of both TJAC and ZVI because their apparently close relationship indicated that they jointly owned assets, it made no specific findings as to the propriety of piercing the corporate veil and that issue was not before the Court. Accordingly, Notre Dame may supplement its complaint to add the attachment count and the merits of the count will be determined in due course.

## IV.  CONCLUSION

For the reasons stated above, Notre Dame's motion to supplement its complaint [ECF No. 90] is granted with respect to adding the new factual allegations and two new counts (currently identified as Counts VI and VIII) that seek recognition of a the foreign judgment under Massachusetts law and an attachment, but denied as to adding the declaratory judgment count (currently identified as Count VII).

**So Ordered.**

Dated: July 19, 2017

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE
