UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE UNIVERSITY OF NOTRE DAME | * | |
| (USA) IN ENGLAND, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-10150-ADB |
| | * | |
| TJAC WATERLOO, LLC and ZVI | * | |
| CONSTRUCTION CO., LLC, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND
AND FILE SECOND SUPPLEMENTED COMPLAINT**

BURROUGHS, D.J.

Currently before the Court is the University of Notre Dame (USA) in England's ("Notre

Dame's") motion to amend and file a second supplemented complaint pursuant to Federal Rule

of Civil Procedure 15(d).  [ECF No. 128].  For the reasons stated below, Notre Dame's motion is

GRANTED in part and DENIED in part.

I.      **BACKGROUND**

This case involves parallel proceedings in multiple forums in both the United States and

England.

In October 2010, Notre Dame and Defendants TJAC Waterloo, LLC ("TJAC") and ZVI

Construction Co., LLC ("ZVI," and, together with TJAC, "Defendants") entered into a contract

(the "Contract") whereby Notre Dame would purchase Conway Hall, a building in London, from

TJAC for roughly $59 million, after ZVI performed extensive renovations.  [ECF No. 129-1 ¶ 18

("PSSAC")].  Notre Dame intended to use Conway Hall to house students studying at the

University's campus in London.  [Id. ¶ 1].  After the purchase, Notre Dame identified multiple

defects with the building.  [Id. ¶¶ 21–23].  Because Defendants agreed to remedy only a subset of the identified defects, Notre Dame invoked its contractual right to recoup its losses.  [Id. ¶ 25].  Pursuant to the Contract, the parties submitted the dispute to an expert in the field (the "Expert") for adjudication.  [Id. ¶ 26].  The parties agreed to bifurcate the proceedings such that the Expert would first determine liability and then, if necessary, damages.  [Id. ¶ 27].  In July 2015, the Expert issued his final determination as to liability, finding that Defendants were liable for dozens of the alleged defects.  [Id. ¶¶ 30–38].

In January 2016, Notre Dame filed a complaint seeking confirmation of the Expert's liability award in Massachusetts state court.  See generally [ECF No. 1].  Subsequently, the action was removed to this Court.  [Id.].  In April 2016, the Court confirmed the Expert's determination as to liability pursuant to 9 U.S.C. § 207 and awarded an attachment as to Defendants' property in the amount of $7.2 million.  [ECF No. 56].  Defendants appealed the Court's decision, [ECF No. 57], and, in June 2017, the First Circuit affirmed, see Univ. of Notre Dame (USA) in Eng. v. TJAC Waterloo, LLC, 861 F.3d 287 (1st Cir. 2017).  The First Circuit held that this Court correctly concluded that (1) the Expert's liability finding was a final arbitral award entitled to judicial recognition, and (2) ZVI was bound by the Contract's arbitration clause.  Id. at 289.

As Notre Dame was seeking to confirm the Expert's liability ruling in the U.S. court system, ZVI sought to undermine it through English legal channels.  It filed a claim with the High Court of Justice Queen's Bench Division Technology and Construction Court (the "English High Court") in April 2016, arguing that it did not owe any substantive obligations to Notre Dame and was not subject to the Expert's jurisdiction.  [PSSAC ¶¶ 44–45].  The English High Court rejected ZVI's arguments, holding instead that ZVI had impliedly agreed to subject itself

to the Expert's jurisdiction and was therefore bound by the Expert's decision.  [Id. ¶¶ 48–49].

Further, the English High Court directed ZVI to pay Notre Dame's costs in litigating the appeal,

£81,239.57, within fourteen days, which ZVI has not yet paid.  [Id. ¶ 52].

In February 2017, Notre Dame moved to amend and supplement its complaint.  [ECF No.

90].  Specifically, Notre Dame sought to add (1) factual allegations related to ZVI's unsuccessful

appeal before the English High Court, (2) a count for recognition of the English High Court's

judgment related to litigation costs, (3) a count for attachment regarding the same, and (4) a

count for a declaratory judgment.  [ECF No. 91].  In July 2017, the Court granted Notre Dame's

motion in part, permitting Notre Dame to add everything it sought to add except the declaratory

judgment count.  [ECF No. 104].

While this case wound its way through the U.S. court system and the English High Court,

the Expert in England was reviewing the parties' submissions regarding damages and rendering

judgments on that front.  Between 2016 and 2020, the Expert issued a series of awards, see

[PSSAC ¶¶ 55–61], culminating in a final award on March 31, 2020, see [id. ¶ 59].  All told, the

Expert concluded that Defendants owe Notre Dame £3,852,710.21 plus interest and issued an

award to Notre Dame in that amount.  [Id. ¶ 73].  The Expert ordered Defendants to satisfy the

award within fourteen days.  [Id. ¶ 62].  This payment also remains outstanding.  [Id. ¶ 63].

On May 15, 2020, Notre Dame filed the instant motion, [ECF No. 128], seeking to file its

proposed second supplemented amended complaint ("PSSAC"), which would (1) add factual

allegations, or modify existing ones, to reflect events that have taken place since it last amended

its complaint in 2017, (2) add a count for confirmation and enforcement of the Expert's damages

award under 9 U.S.C. § 207 ("Count IX"), and (3) include recognition and enforcement of the

Expert's damages award under Massachusetts General Laws Chapter 235, § 23A in the

complaint's Prayer for Relief.  <u>See generally</u> [PSSAC].  Defendants filed a limited opposition on

May 27, 2020.  [ECF No. 131].  They do not challenge the amended factual allegations but rather

"the new 'claim' for confirmation[,] the request for relief seeking recognition of the Expert

Determination Awards under M.G.L. c. 235, § 35A [sic] and the request to essentially pierce the

corporate veil of the Defendants."  [<u>Id.</u> at 2].  Defendants also assert that the $7.2 million

attachment previously awarded by this Court should be reduced to reflect the Expert's damages

award of £3,852,710.21 ($4,790,151.66 using March 31, 2020 exchange rates) because it is

significantly lower than $7.2 million.  [<u>Id.</u> at 9].

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the

court may, on just terms, permit a party to serve a supplemental pleading setting out any

transaction, occurrence, or event that happened after the date of the pleading to be

supplemented."  Fed. R. Civ. P. 15(d).  Permitting a party to supplement its pleading under Rule

15(d) is subject to the district court's discretion.  <u>U.S. ex rel. Gadbois v. PharMerica Corp.</u>, 809

F.3d 1, 6 (1st Cir. 2015), <u>cert. denied</u>, 136 S. Ct. 2517 (2016).  Rule 15(d) itself "contains no

standards at all to guide the district court's analysis," and "courts customarily have treated

requests to supplement under Rule 15(d) liberally."  <u>Id.</u> at 7.  The Court may deny a motion to

supplement "when the request would 'unduly delay resolution of the case'" as determined by

"weigh[ing] totality of the circumstances," be futile, result in prejudice to the opposing party, or

if the moving party unreasonably delayed in attempting to supplement.  <u>Id.</u> at 7 (quoting <u>Hall v.

CIA</u>, 437 F.3d 94, 101 (D.C. Cir. 2006)).

## III.      DISCUSSION

As a preliminary matter, Defendants do not argue that permitting Notre Dame to file its PSSAC would unduly delay resolution of the case or result in prejudice to Defendants.  Nor do Defendants argue that Notre Dame unreasonably delayed in attempting to supplement.  Because Defendants do not make these arguments, and because the Court sees no obvious reason why granting Notre Dame's motion would result in delay or prejudice, the Court concludes that those particular grounds for denial are not present as to any of Notre Dame's proposed amendments. Cf. United States ex rel. Hagerty v. Cyberonics, Inc., 146 F. Supp. 3d 337, 342 (D. Mass. 2015) ("In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and 'exercise its informed discretion in constructing a balance of pertinent considerations.'"  (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30–31 (1st Cir. 2006)).

### A.      Proposed Amended Factual Allegations

Given the liberal standard set forth in Federal Rule of Civil Procedure 15(d), and because Defendants do not oppose Notre Dame's proposed amended factual allegations, see [ECF No. 131 at 2], Notre Dame's motion is granted as to the proposed amended factual allegations.

### B.      Proposed Count IX

With respect to Notre Dame's proposed addition of Count IX, Defendants argue that the proposed new claim is duplicative and premature.  [ECF No. 131 at 5–6].  More specifically, Defendants argue that because "Notre Dame already has asserted a claim to confirm the award," the proposed addition is unnecessary, and that because Defendants have rights under English law

to appeal the Expert's award, the award is not final, rendering Notre Dame's claim premature. [Id.].

Defendants' arguments are unpersuasive.  The count for confirmation under 9 U.S.C. § 207 in Notre Dame's operative complaint specifically seeks confirmation of the Expert's determination regarding liability.  [ECF No. 107 ¶ 55 ("UND has obtained a binding determination on Defendants' liability for serious defects and related issues following the renovation of Conway Hall."); id. ¶ 59 ("This Court has authority to confirm the Expert Determination under 9 U.S.C. § 207, as it is a final award as to liability.")].[1]  Therefore, Notre Dame's proposed Count IX, which explicitly references the Expert's determination regarding damages, is not duplicative.  As to whether Notre Dame's claim is premature, that argument is inappropriate at this stage of the litigation.  Rather, it is an argument that Defendants may make if or when Notre Dame seeks confirmation of the Expert's damages award.  Just as Defendants were entitled to be heard on finality when Notre Dame sought confirmation of the Expert's liability award, see [ECF No. 43 at 10–12], they will be entitled to be heard on finality assuming Notre Dame seeks confirmation of the Expert's damages award.  That Notre Dame's proposed new count is, in Defendants' eyes, without merit is not grounds to forbid Notre Dame from including it in its PSSAC.  See Holbrook v. Boston Scientific Corp., No. 20-cv-10671, 2020 WL 5540544, at *1 (D. Mass. Sept. 16, 2020) ("A plaintiff need not prove that he or she will prevail at trial but must establish more than simply a possibility of entitlement to relief."  (citing

---

[1] Defendants appear to argue that because the Court retained jurisdiction over the action, recognizing that the issue of damages remained unresolved, Notre Dame's proposed amendment is unnecessary and should be rejected.  [ECF No. 131 at 5–6].  Defendants' logic is flawed.  That the Court expected the Expert to eventually render a damages award and Notre Dame to bring it to the Court's attention in no way suggests that Notre Dame should not be permitted to amend its complaint accordingly so that the pleadings accurately reflect the status quo.

García-Catalán v. United States, 734 F.3d 100, 102–03 (1st Cir. 2013)).  Notre Dame has alleged

facts sufficient to plausibly state a claim for confirmation of the Expert's damages award, see

[PSSAC ¶¶ 87–93], and, therefore, its proposed amendment regarding Count IX is not futile.

See Holbrook, 2020 WL 5540544, at *1.

Because Notre Dame's proposed Count IX is neither duplicative nor premature, Notre

Dame's motion is granted as to the inclusion of Count IX.

### C.      Recognition Under Massachusetts Law

Notre Dame asks to amend its prayer for relief to add a request for recognition and

enforcement of the Expert's damages award pursuant to Massachusetts General Laws Chapter

235, § 23A, see [PSSAC at 24], despite the fact that it does not have or seek to add a count for

such recognition in its PSSAC.  Defendants argue that Notre Dame has no basis for relief under

Massachusetts law, [ECF No. 131 at 7–8], because, *inter alia*, the Expert's damages award is not

subject to recognition and enforcement under section 23A as it "does not constitute a final

judgment issued by an English court for a specific amount of money."  [Id. at 8].

The Court agrees that Notre Dame has not alleged facts sufficient to state a claim for

relief under section 23A as to the Expert's damages award.  By its terms, section 23A governs

"judgment[s] of a foreign state granting or denying recovery of a sum of money."  M.G.L.

ch. 235, § 23A.  In turn, a foreign state is defined as "any governmental unit other than the

United States . . . ."  Id.  Notre Dame has not alleged that the Expert's damages award is a

judgment issued by a governmental unit.  To the contrary, Notre Dame alleges that award was

issued by "an expert in the field." [2]  [PSSAC ¶¶ 26–27].

---

[2] Notre Dame's recognition that arbitral awards are not governed by section 23A is seemingly
reflected by the fact that it did seek to add a count for recognition of the Expert's damages award

Because Notre Dame fails to allege facts sufficient to make out a claim for relief under section 23A, its proposed amendment seeking such relief is futile.  See HSBC Realty Credit Corp. (USA) v. O'Neill, 745 F.3d 564, 578 (1st Cir. 2014) ("[A] judge may deny leave if amending the pleading would be futile—that is, if the pined-for amendment does not plead enough to make out a plausible claim for relief.").

Notre Dame's motion is therefore denied as to the proposed addition of a prayer for relief for recognition of the Expert's damages award under Massachusetts law.

### D.     Piercing the Corporate Veil

Defendants take issue with Notre Dame's PSSAC insofar as Notre Dame seeks to attach assets of ZVI, "together with its affiliates, members, corporate parents and subsidiaries, control persons and those acting in concert with them," [PSSAC at 22], arguing that Notre Dame is attempting to pierce ZVI's corporate veil without alleging sufficient facts to support this relief, [ECF No. 131 at 2–3].  As Defendants acknowledge, they have already made this argument in connection with Notre Dame's previous motion to amend and the Court rejected it.  See [ECF No. 131 at 2 n.1].  The Court sees no reason to depart from its previous decision or reasoning. See [ECF No. 104 at 6].

### E.     Amount of Attachment

Defendants argue that Notre Dame's attachment should be reduced from $7.2 million to $4.79 million in light of the Expert's award and because Notre Dame's PSSAC seeks attachment not to exceed $4,790,151.66.  [ECF No. 131 at 9].  The Court agrees that the amount of

---

under Massachusetts law although the complaint included such a count with respect to the English High Court's judgment regarding litigation costs.  Compare [PSSAC at 24 (seeking recognition of the Expert's damages award under Massachusetts law)], with [id. ¶¶ 76–81 (Count VI for recognition under Massachusetts law of only the English High Court's litigation costs award against ZVI and not the Expert's damages award)].

attachment should be reduced to reflect the Expert's damages award, but because Notre Dame

seeks attachment not to exceed "$4,790,151.66 . . . *plus interest*," [PSSAC at 22 (emphasis

added)], it is unclear exactly what amount will be owed and should remain attached.  Therefore,

the Court defers ruling on reducing the attachment and encourages the parties to meet, confer,

and jointly suggest an amount that should remain attached.

## IV.      CONCLUSION

Accordingly, Notre Dame's motion to amend, [ECF No. 128], is <u>GRANTED</u> in part and

<u>DENIED</u> in part.  Notre Dame may amend its complaint to include the proposed amended factual

allegations and to add Count IX.  Notre Dame may not amend its complaint to seek recognition

of the Expert's damages award under Massachusetts law.  The attachment will remain as is

pending further submissions by the parties.

**SO ORDERED.**

October 7, 2020                                                    /s/ Allison D. Burroughs
                                                                         ALLISON D. BURROUGHS
                                                                         U.S. DISTRICT JUDGE