UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE UNIVERSITY OF NOTRE DAME (USA) IN ENGLAND, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 16-cv-10150-ADB |
| TJAC WATERLOO, LLC and ZVI CONSTRUCTION CO., LLC, | * * * | |
| Defendants. | * * | |

# MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO CONFIRM A FOREIGN ARBITRAL AWARD AND FOR PARTIAL SUMMARY JUDGMENT

BURROUGHS, D.J.

Plaintiff The University of Notre Dame (USA) In England ("Notre Dame") initiated this suit against Defendants TJAC Waterloo, LLC ("TJAC") and ZVI Construction Co., LLC ("ZVI," and together with TJAC, "Defendants") more than five years ago in connection with an arbitration in England. See [ECF Nos. 1, 1-1]. The English arbitration was split into two parts: liability and damages. The arbitral award on liability was confirmed by this Court, [ECF No. 56], and the decision was then affirmed by the First Circuit, [ECF No. 102]. Notre Dame now moves to confirm the damages award and for recognition of an English court's judgment awarding costs to Notre Dame arising from ZVI's unsuccessful challenge to the liability award. [ECF No. 139]. For the reasons set forth below, Notre Dame's motion is GRANTED.

I.  BACKGROUND

In October 2010, Notre Dame agreed to purchase Conway Hall, a building in London, from TJAC, on the condition that ZVI would perform extensive renovations. [ECF No. 133

("SSAC") ¶¶ 1–2]. Dissatisfied with the state of the building, and unable to resolve the dispute amicably, Notre Dame initiated an arbitration against Defendants. [Id. ¶ 3]. On July 21, 2015, the individual presiding over the arbitration (the "Expert") issued a decision finding Defendants liable to Notre Dame. [ECF No. 143-1]. The Expert noted explicitly that, pursuant to the parties' agreement, he would decide "quantum" (i.e., damages) separately. [Id. at 4].

In January 2016, Notre Dame filed a complaint seeking confirmation of the Expert's liability award in Massachusetts state court. See [ECF No. 1-1]. After Defendants removed the case, [ECF No. 1], the Court confirmed the Expert's liability award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, [ECF No. 56]. The First Circuit affirmed. See Univ. of Notre Dame (USA) in Eng. v. TJAC Waterloo, LLC, 861 F.3d 287 (1st Cir. 2017).

In 2016, ZVI sought to undermine the Expert's liability determination by filing a claim with the High Court of Justice Queen's Bench Division of Technology and Construction Court (the "English High Court"). [ECF Nos. 143-9, 143-10]. ZVI argued that it did not owe any substantive obligations to Notre Dame and that the Expert's liability award was not enforceable against it. [ECF No. 143-10 at 7–9]. The English High Court rejected ZVI's arguments, instead finding that ZVI had agreed to subject itself to the Expert's jurisdiction and was therefore bound by the Expert's decision. See [ECF No. 143-11]. Additionally, concluding that Notre Dame "as the successful party, [wa]s on the face of it entitled to its costs," [ECF No. 143-12 at 3], the English High Court ordered ZVI to pay Notre Dame £81,239.57 within fourteen days,[1] [id. at 6].

---

[1] The English High Court assessed the reasonableness of the costs requested by Notre Dame and reduced them by more than £30,000. See [ECF No. 143-12 at 4–6 (noting that Notre Dame requested £115,924.57 in costs, considering whether those costs were excessive, and awarding a sum of £81,239.57)].

2

Between 2016 and 2020, the Expert issued a series of damages awards, summarized in the following table:

| Date | Title | Amount | Description |
| --- | --- | --- | --- |
| Sept. 20, 2016 | "An Expert Determination on Quantum" ("Award 3") | N/A | Cost of Works (Preliminary) |
| Apr. 11, 2017 | "An Expert Determination on Quantum" ("Award 4") | £1,781,048.44 | Costs of Works (Final) |
| July 27, 2017 | "Decisions" ("Award 5") | £957,450.00 | Additional Costs of Work Items |
| Dec. 5, 2018 | "Expert Determination Award No. 6 (Amended)" ("Award 6") | £328,001.37 + £269.52 per day (beginning Nov. 30, 2018) | Interest due on Awards 4 and 5 |
| Mar. 31, 2020 | "Expert Determination Award No. 7 – Decisions as to VAT" ("Award 7") | £547,699.00 + £5,040.00 + £ 65,723.00 (interest through Aug. 1, 2018) + £60.02 per day (beginning Aug. 2, 2018) | VAT,[2] expert fees, and interest |

[ECF Nos. 143-3, 143-4, 143-5, 143-6, 143-7].

On May 15, 2020, Notre Dame moved to amend and file a second supplemented complaint, which would add (1) factual allegations, (2) a claim for confirmation and enforcement of the Expert's damages award under the FAA, and (3) a claim for recognition and enforcement of the Expert's damages award under Massachusetts law. [ECF No. 129 at 9–10]. On October 7, 2020, the Court granted the motion as to the first two requests, but denied Notre Dame's third request. [ECF No. 132]. Notre Dame filed its second supplemented complaint on November 20, 2020, [SSAC], and Defendants answered on January 13, 2021, [ECF No. 134]. On March 29, 2021, Notre Dame filed the instant motion, seeking to confirm the Expert's damages award and moving for summary judgment on Count VI (Recognition of a Foreign Judgment). [ECF No. 139]. Defendants opposed on May 27, 2021, [ECF No. 146], and Notre Dame filed a reply on June 9, 2021, [ECF No. 147].

---

[2] VAT stands for "Value-Added Tax."

3

## II.     MOTION TO CONFIRM ARBITRAL AWARD

> The FAA, which implements the New York Convention, allows for recognition and enforcement of foreign arbitral awards in district courts . . . . The New York Convention created a strong public policy in favor of international arbitration [and] the party seeking to avoid summary confirmance of an arbitral award has the heavy burden of proving that one of the seven defenses [of the New York Convention] applies. [A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached. Accordingly, the proceeding for confirmation of a foreign arbitration award is summary . . . in nature and is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm. It is a straightforward proceeding in which no other claims are to be adjudicated . . . . [T]he court properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity. [T]he grounds for relief enumerated in Article V of the [New York Convention] are the only grounds available for setting aside an arbitral award.

Nanoelectro Rsch. & Prod. Co. v. Alphysica Inc., No. 17-cv-11378, 2018 WL 3795889, at *4 (D. Mass. Aug. 9, 2018) (alterations in original) (citations and internal quotation marks omitted).

Pursuant to the FAA, Notre Dame seeks to confirm the Expert's damages award. According to Notre Dame, the total amount of the award is $5,497,380.53 plus (1) $455.95 per day between March 30, 2021 and the day of judgment and (2) post-judgment interest.[3] [ECF No. 140 at 7–8]. Defendants make several arguments in opposition to confirmation. [ECF No. 146]. For the reasons set forth below, the Court is not persuaded by these arguments and will therefore confirm the Expert's damages award.

First, Defendants argue that to the extent Notre Dame seeks to confirm Award 4 and the portion of Award 6 that grants interest for Award 4, that claim is time-barred by the FAA's

---

[3] Notre Dame seeks a judgment in U.S. Dollars ("USD") rather than British Pounds Sterling ("GBP"), and arrived at this figure using the March 29, 2021 exchange rate. [ECF No. 140 at 7–8]. Other than disputing how much of the award should be confirmed, Defendants do not seem to take issue with Notre Dame's request for a judgment in USD. Nor do Defendants seem to contest the applicability of post-judgment interest. As discussed infra, Defendants do object to post-award, pre-judgment interest.

4

three-year statute of limitations. [ECF No. 146 at 5–9]. Notre Dame counters that the three-year clock did not begin to run until Award 7 was issued in March 2020 because, until that point, the arbitral award on damages was not final. [ECF No. 147 at 2–5].

The FAA provides that "[w]ithin three years after an arbitral award falling under the [New York] Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. With limited exceptions, however, courts can confirm only final arbitral awards because only such awards are subject to the New York Convention. See Hart Surgical, Inc. v. Ultracision, Inc., 244 F.3d 231, 233 (1st Cir. 2001). Generally, an arbitral award is final if it evidences "the arbitrators' intention to resolve *all* claims submitted in the demand for arbitration." Id. (quoting Fradella v. Patricca, 183 F.3d 17, 19 (1st Cir. 1999)). The relevant question, then, is when the Expert "made" a final arbitral award as to damages. While Defendants contend that Award 4 was a final arbitral award, Notre Dame maintains that it was not. The parties voluntarily elected to bifurcate the liability and damages phases of the arbitration. Within the damages phase, the parties asked the Expert to adjudicate multiple damages sub-categories (e.g., costs, interests, VAT). The fact that there were multiple components to the damages claim does not, however, suggest that each time the Expert decided a particular component, that decision was a final arbitral award. The awards themselves reflect this piecemeal approach and make clear that the Expert was not, with each award, making a final comprehensive damages determination. See [ECF No. 143-4 at 3 (listing "six heads of claims yet to be decided" and noting that the award was offering "final views" only for "Item 1")]. Therefore, until the Expert issued a decision as to all those sub-categories—thus definitively and comprehensively settling the parties' dispute regarding damages—his damages award was not a

5

final arbitral award, and the FAA's three-year statute of limitations did not begin. Because Notre Dame sought confirmation of the Expert's damages award in March 2021, less than three years after Award 7 was issued, the three-year limitations period does not bar its claim.[4]

Second, Defendants assert that the Court cannot confirm Award 7 (for VAT) because of the "revenue rule," which prevents U.S. courts from enforcing or recognizing foreign revenue rules. [ECF No. 146 at 10–14]. Notre Dame responds that Defendants misapprehend the "revenue rule," which is not applicable here. [ECF No. 147 at 5–8]. Notre Dame is correct. No one is asking the Court to pass on the merits of England's tax laws, and no one is seeking to enforce a foreign tax judgment. The purpose of the "revenue rule" is to avoid having one state's or country's courts assess the validity of a foreign state's or country's tax laws. See Pasquantino v. United States, 544 U.S. 349, 368 (2005) (noting that the "principal evil against which the revenue rule was traditionally thought to guard [is]: judicial evaluation of the policy-laden enactments of other sovereigns"). Here, the Court need not evaluate England's VAT; it must merely enforce the Expert's decision regarding the damages Defendants owe to Notre Dame. By agreement of the parties, the Expert was tasked with determining how much money Defendants would have to pay Notre Dame to make it whole. As part of this analysis, the Expert determined that Notre Dame had been required to make VAT payments to fix Conway Hall that it would not have been required to make if Defendants had not breached their contract. See [ECF No. 143-5 at 14]. Accordingly, the Expert issued an award directing Defendants to pay that sum. [ECF No.

---

[4] None of the cases cited by Defendants, see [ECF No. 146 at 6–9], involved the idiosyncratic multi-part damages arbitration process here and therefore lend little support to their argument. Further, the Court notes that Defendants first challenged Notre Dame's attempt to confirm the liability determination as premature and now asserts that it is too late to seek confirmation of the majority of the damages award. It remains unclear how Notre Dame should have proceeded in the eyes of Defendants.

143-7]. The VAT award is therefore no different than any other component of damages decided by the Expert.[5]

Third, Defendants aver that Notre Dame's attempt to enforce Award 7 violates fundamental United States public policy because it runs afoul of the "revenue rule." [ECF No. 146 at 14–15]. This argument is derivative of Defendants' prior argument, and the Court rejects it for essentially the same reason. The "revenue rule" is not implicated in this case and therefore whatever public policy underlies the "revenue rule" does not justify refusing to confirm the arbitral award here.[6]

Thus, Notre Dame's motion to confirm the Expert's damages award, [ECF No. 139], is GRANTED.

---

[5] Once again, the cases that Defendants cite do not support their position. See [ECF No. 146 at 10–14 (citing cases)]; Pasquantino, 544 U.S. 349 (concerning a criminal prosecution for violation of federal wire fraud statute based on plot to defraud the Canadian government of tax revenue); Eur. Cmty. v. RJR Nabisco, Inc., 424 F.3d 175 (2d Cir. 2005) (relating to a RICO suit by foreign sovereigns against tobacco company to recover tax revenue lost to smuggling); Republic of Hond. v. Philip Morris Cos., 341 F.3d 1253 (11th Cir. 2003) (discussing RICO suit by Honduras against Philip Morris based on its purported evasion of Honduran tax laws); United States v. Trapilo, 130 F.3d 547 (2d Cir. 1997) (concerning wire fraud prosecution against individual for allegedly scheming to defraud the Canadian government out of tax revenue); Her Majesty Queen in Right of Province of B.C. v. Gilbertson, 597 F.2d 1161 (9th Cir. 1979) (addressing suit by Canadian province against individuals to recover Canadian court's tax judgment); Moore v. Mitchell, 30 F.3d 600 (2d Cir. 1929) (concerning suit by treasurer of Indiana county against decedent's estate for assessed but unpaid tax bill); City of Detroit v. Proctor, 61 A.2d 412 (Del. Super. Ct. 1948) (discussing suit by Detroit against individual for personal property tax). None of these cases involved a suit between private parties, and in none did a court refuse to confirm a foreign arbitral award because it, in part, compensated a party for tax-related damages.

[6] Defendants also argue that because the Massachusetts statute governing recognition of foreign judgments excludes tax judgments, confirming an arbitral award for taxes violates Massachusetts public policy. [ECF No. 146 at 15]. This argument fails. The statutory exclusion relates to a judgment obtained by a governmental entity concerning tax liability, not a judgment obtained by one individual against another for contractual damages (even if those damages include tax-related expenses).

### III. MOTION FOR SUMMARY JUDGMENT

Pursuant to Massachusetts General Laws Chapter 235, § 23A, Notre Dame seeks recognition of the English High Court's judgment against ZVI for costs and fees. [ECF No. 140 at 9–17]. Specifically, Notre Dame seeks $153,886.74 plus (1) $24.63 per day from March 30, 2021 through the date of judgment and (2) post-judgment interest.[7] [Id. at 9]. Defendants argue that the Court must independently review the reasonableness of the attorneys' fees request. [ECF No. 146 at 16–17]. Defendants have identified no authority supporting their argument, see [id.],[8] and the Court sees no practical reason to undertake such a review. This is especially true because the English High Court did not simply rubber-stamp Notre Dame's request. See [ECF No. 143-12 at 4–6]. To the contrary, the English High Court—which is undoubtedly much more familiar with prevailing attorneys' rates in England and how much time and effort Notre Dame's attorneys reasonably should have expended defending the Expert's liability award from ZVI's challenge—scrutinized Notre Dame's request and ultimately awarded Notre Dame approximately £34,000 less than it requested. [Id.]. Against this backdrop, it would be inappropriate for this Court to undertake a second independent review. Accordingly, Notre Dame's motion for recognition of the English High court judgment, [ECF No. 139], is GRANTED.

---

[7] Again, Notre Dame seeks its judgment in USD instead of GBP and used the exchange rate from March 29, 2021.

[8] The sole case that Defendants cite is a bankruptcy case, in which the court simply made the uncontroversial observation that the debtor was entitled to question the amount of a creditor's claim. In re Dreliouch, 359 B.R. 9, 15 (Bankr. D. Mass. 2006). Here, ZVI has already made arguments regarding the reasonableness of Notre Dame's fees to the English High Court, [ECF No. 143-12 (noting ZVI's challenges to Notre Dame's fee request)], and is now seeking an unwarranted second bite at the proverbial apple.

## IV. POST-AWARD, PRE-JUDGMENT INTEREST

Defendants argue that the Court should exercise its discretion by not awarding Notre Dame any post-award, pre-judgment interest (or by limiting the interest awarded). [ECF No. 146 at 17–20]. Notre Dame acknowledges that whether to award such interest is within the Court's discretion, but asserts that post-award, pre-judgment interest is appropriate under the circumstances. [ECF No. 147 at 10–11]. In essence, Defendants argue that by dragging its feet and not seeking to confirm the Expert's damages award and the English High Court judgment sooner, Notre Dame ran up Defendants' debt excessively. [ECF No. 146 at 17–20]. This argument fails. Defendants could have stopped the interest from running at any point by paying Notre Dame. Instead, they have refused to pay and have forced Notre Dame to incur additional costs by maintaining this action. Further, the parties agreed to arbitrate their claims in England and were surely aware of the interest rate applied there. Accordingly, Defendants cannot plausibly claim surprise regarding high post-award, pre-judgment interest rates. Under these circumstances, the Court declines to disrupt the post-award, pre-judgment interest here.

## V. CONCLUSION

Accordingly, for the reasons stated above, Notre Dame's motion, [ECF No. 139], is GRANTED, and:

1. The Expert's damages award is hereby CONFIRMED pursuant to 9 U.S.C. § 207. The Court will enter judgment in Notre Dame's favor in the amount of $5,526,841.61, which is equal to £3,972,333.23 plus £32,624.46 (£329.54 per day for the 99 days between March 30, 2021 and today), converted to USD at today's

exchange rate of 1.00 GBP = 1.38 USD.  Additionally, pursuant to 28 U.S.C. § 1961, post-judgment interest, at the federal rate of .08%, will apply.

2. The English High Court's judgment against ZVI is hereby <u>RECOGNIZED</u> pursuant to Massachusetts General Laws Chapter 235, § 23A.  The Court will enter judgment in Notre Dame's favor in the amount of $155,949.60, which is equal to £111,244.76 plus £1,762.20 (£17.80 per day for the 99 days between March 30, 2021 and today), converted to USD at today's exchange rate of 1.00 GBP = 1.38 USD.  Additionally, pursuant to 28 U.S.C. § 1961, post-judgment interest, at the federal rate of .08%, will apply.

**SO ORDERED.**

July 7, 2021 　　　　　　　　　　　　　　　　　　　　<u>/s/ Allison D. Burroughs</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　ALLISON D. BURROUGHS
　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE