UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| THE UNIVERSITY OF NOTRE DAME (USA) IN ENGLAND, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 16-cv-10150-ADB |
| TJAC WATERLOO, LLC and ZVI CONSTRUCTION CO., LLC, | * * * | |
| Defendants. | * * | |

# MEMORANDUM AND ORDER ON PLAINTIFF'S APPLICATION FOR WRITS OF EXECUTION

BURROUGHS, D.J.

Currently before the Court are Plaintiff The University of Notre Dame (USA) In England's ("Notre Dame") application for writs of execution, [ECF No. 162], and Defendants TJAC Waterloo, LLC ("TJAC") and ZVI Construction Co., LLC's ("ZVI," and, together with TJAC, "Defendants") cross-motion for a stay of execution, [ECF No. 163]. For the reasons set forth below, Notre Dame's application is <u>GRANTED</u>, and Defendants' motion is <u>DENIED</u>.

**I.    BACKGROUND**

On July 7, 2021, the Court entered final judgment, for over $5.5 million, in Notre Dame's favor. [ECF No. 151]. On July 22, 2021, Defendants appealed. [ECF No. 158]. Defendants' appeal remains pending before the First Circuit. See <u>Univ. of Notre Dame (USA) in Eng. v. TJAC Waterloo, LLC</u>, No. 21-1558 (1st Cir. 2021).

On August 9, 2021, Notre Dame filed the instant application for writs of execution. [ECF No. 162]. On August 12, 2021, Defendants opposed and cross-moved for a stay of execution

pursuant to Federal Rule of Civil Procedure 62(f), [ECF No. 163], which Notre Dame opposed that same day, [ECF No. 164].

## II. DISCUSSION

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).  Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Fed. R. Civ. P. 62(a).  Here, Notre Dame filed its application more than thirty days after judgment was entered.  Nevertheless, Defendants maintain that they are entitled to an automatic stay of execution under Federal Rule of Civil Procedure 62(f), which provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f).  Their theory is premised on the fact that the Court previously awarded Notre Dame a pre-judgment attachment as to Defendants' property in the amount of $7.2 million.[1]  According to Defendants, because judgment plus an attachment establishes a lien under Massachusetts law (and such a lien entitles a judgment debtor to a stay), they are entitled to a stay under Rule 62(f).  [ECF No. 163 at 3–4].  Notre Dame responds that Rule 62(f) is inapplicable irrespective of any pre-judgment attachment.  [ECF No. 164 at 1–3]. Notre Dame also seems to suggest that because the final judgment entered by the Court does not

---

[1] The Court awarded the attachment on April 7, 2016.  [ECF No. 56].  On October 7, 2020, the Court noted that the attachment should be reduced and encouraged the parties to meet and confer regarding an appropriate reduction, but left the $7.2 million attachment intact pending further submissions.  [ECF No. 132 at 8–9].  The parties never filed a joint submission, although Notre Dame represented to the Court that it unsuccessfully attempted to meet and confer with Defendants.  See [ECF No. 140 at 17 n.9].

specifically provide for a lien or attachment, the pre-judgment attachment is no longer in effect. See [id. at 4–5].

As an initial matter, insofar as Notre Dame argues that the pre-judgment attachment of $7.2 million is no longer in place, the Court rejects that argument. In its October 7, 2020 Order, the Court noted that the attachment would remain as it was (i.e., for $7.2 million), see [ECF No. 132 at 9], and it has not modified the attachment since then. Further, Notre Dame has not cited (and the Court is not aware of) any authority for the proposition that by issuing a final judgment that did not explicitly mention an attachment, the Court dissolved or vacated the pre-judgment attachment. Accordingly, the relevant question is whether, in light of the pre-judgment attachment, the final judgment is "a lien on the [Defendants'] property under the law of [Massachusetts]." Fed. R. Civ. P. 62(f). If it is, then Defendants are entitled to a stay, but if it is not, they are not, and the Court will issue the writs of execution sought by Notre Dame.

The Court begins with the text of Rule 62(f). Notably, the Rule uses the phrase "judgment" and not "judgment in combination with pre- and post-judgment remedies" (or something similar). This suggests that the Rule's drafters considered that the entry of judgment, alone, could be sufficient to create a "lien on the judgment debtor's property" under a state law. Defendants concede that a judgment does not, itself, create a lien under Massachusetts law. See [ECF No. 163 at 4 ("Under Massachusetts law, a judgment alone is insufficient to establish a lien . . . .")].

Defendants maintain, however, that "judgment plus an attachment establishes a lien" under Massachusetts law and cite three cases to support that proposition. [ECF No. 163 at 4]. Those three cases do not squarely address whether the entry of a final judgment in a case where a pre-judgment attachment has already been awarded constitutes a lien under Massachusetts law.

3

First, L. Rudolph Electric Co. v. Gibbs Oil Co., 454 N.E.2d 1288, 1288 (Mass. App. Ct. 1983), does not help Defendants because that case dealt with whether a plaintiff with a superior court judgment, who subsequently acquired a post-judgment writ of attachment, qualified as a "judgment lien creditor" within the meaning of the Internal Revenue Code. Second, Elias Bros. Restaurants, Inc. v. Acorn Enterprises, Inc., 931 F. Supp. 930, 932–33 (D. Mass. 1996), similarly did not address the interplay of a pre-judgment attachment and a final judgment. In that case, the execution that the defendant sought to stay was an execution against the defendant's banks, who were the subject of a post-judgment trustee process attachment. See id. at 937. Further, although Judge Collings wrote that "[i]n Massachusetts, a judgment *plus* an attachment is necessary to create" a lien within the meaning of Rule 62(f),[2] he also wrote that Rule 62(f) was inapplicable because "the judgment in and of itself is not a lien under Massachusetts law." Id. at 939. Finally, in Smith Barney, Harris Upham & Co. v. Connolly, 887 F. Supp. 337, 339–40 (D. Mass. 1994), an interpleader action, the court was tasked with determining whether a judgment creditor's claim to funds had priority over the U.S. government's tax lien on the same funds. The court concluded that the U.S. government had priority because the judgment creditor was not a "judgment lien creditor" within the meaning of the Internal Revenue Code due to the fact that she never filed a writ of attachment with the Massachusetts registry of deeds *after* obtaining her judgment. Id. at 345. The court did not address whether the entry of judgment in a case with an existing pre-judgment attachment renders the judgment creditor a "judgment lien creditor," and, importantly, the court's opinion did not touch on Rule 62(f). In sum, none of the cases cited

---

[2] Significantly, Judge Collings did not write that judgment plus an attachment *does* create a lien, merely that both were necessary to create one. Further, as discussed above, he did not pass on whether the entry of judgment, in light of an existing pre-judgment attachment, constitutes a lien under Massachusetts law because that question was not before him.

4

by Defendants indicate that the final judgment in this case is a "lien on [Defendants'] property under" Massachusetts law.  Fed. R. Civ. P. 62(f).

Because Rule 62(f) is the only ground on which Defendants oppose Notre Dame's application and Rule 62(f) is inapplicable,[3] Notre Dame's application, [ECF No. 162], is GRANTED, and Defendants' motion for a stay, [ECF No. 163], is DENIED.

### III.     CONCLUSION

For the reasons stated above, Notre Dame's application for writs of execution, [ECF No. 162], is GRANTED, and Defendants' motion for a stay of execution under Rule 62(f), [ECF No. 163], is DENIED.

**SO ORDERED.**

October 6, 2021                                                       /s/ Allison D. Burroughs
                                                                      ALLISON D. BURROUGHS
                                                                      U.S. DISTRICT JUDGE

---

[3] Defendants are free to seek a stay under Federal Rule of Civil Procedure 62(b) by posting bond or other security.  See Fed. R. Civ. P. 62(b).  Alternatively, the parties may attempt to address security contractually.